**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FRANK MADERA,

                           Petitioner,

    - v -                                               Civ. No. 9:00-CV-0207
                                                                            (GLS/RFT)

GARY H. FILION, Superintendent, Marcy
Correctional Facility

                           Respondent.

**APPEARANCES:**                                         **OF COUNSEL:**

FRANK MADERA
Petitioner, *Pro Se*
97-B-0807
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. ELIOT SPITZER                               G. LAWRENCE DILLON, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Respondent
Office of the Attorney General
207 Genesee Street
Utica, New York 13501

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**[1]

    *Pro se* Petitioner Frank Madera was convicted of burglary in the second degree and petit larceny on January 16, 1997. Dkt. No. 7, Resp't Answer, Ex. E, *Trial Tr.* at pp. 322 & 364.[2] On

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] The Court notes that in submitting the state court records, counsel for Respondent failed to adhere to the Local Rules of this District requiring that all state court records be sequentially renumbered. N.Y.N.D.L.R. 72.4(d).

February 28, 1997, Petitioner was sentenced, as a second felony offender, to a prison term of ten (10) years for burglary, and one (1) year for petit larceny. Dkt. No. 7, Ex. G, *Sentencing Mins*. at pp. 8-9. The trial court further ordered the sentences to run concurrently. *Id*. Petitioner presently seeks a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the following grounds: (1) he did not receive proper *Miranda*[3] Warnings and therefore his inculpatory statement procured during his interrogation violated his Fifth Amendment right against self-incrimination; (2) the trial court erred in its ruling after conducting a *Sandoval*[4] hearing; (3) the sentence imposed was harsh and excessive; and (4) he received ineffective assistance of trial counsel. Dkt. No. 1, Pet. at ¶ 12. For the reasons that follow, it is recommended that the Petition be **denied**.

## I. BACKGROUND

On May 3, 1996, a burglary took place at the home of Maria Schneider at 910 Lamb Street located in Utica, New York. Dkt. No. 7, Ex. D, *Dunaway, Huntley, and Wade Hr'g*[5] at p. 3. That same date, the Utica Police Department was called to the burglarized address to speak with Lauren Goppert, the daughter of the homeowner and a witness to the scene of the burglary. *Id*. Ms. Goppert provided the Utica Police Department with a description of an individual she witnessed at the scene of the burglary, namely, "a tall, light-skinned either black male or Peurto Rican, with a very distinctive walk . . . with a hop to it." *Id*. at p. 4. Ms. Goppert's description

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] *People v. Sandoval*, 34 N.Y.2d 371 (1974).

[5] *Dunaway v. New York*, 442 U.S. 200 (1979); *United States v. Wade*, 388 U.S. 218 (1967); *People v. Huntley*, 204 N.E.2d 179, 183 (N.Y. 1965). While the *Dunaway*, *Huntley*, and *Wade* issues were conducted at the same hearing, only the *Huntley* issue applies to this Petition.

was the only lead the police had and the investigation remained open. *Id*.

Then, on July 23, Ms. Goppert contacted Investigator Conley of the Utica Police Department, and informed him that, on that date, she saw the individual she previously described in the vicinity of the YMCA. *Id*. at p. 2. Based upon that information and believing they had probable cause, Investigator Conley and Sergeant Taurisano went to the YMCA to attempt to locate the person Ms. Goppert described, who at that point was a suspect. *Id*. at pp. 6-7. Eventually, the two observed the Petitioner who matched the clothing description obtained by Ms. Goppert and who also exhibited a distinctive walk. *Id*. at pp. 7-8. Investigator Conley conversed with Madera in English and explained that he wished to talk to him at the police station. *Id*. at p. 9. Madera consented to go to the police to the station. *Id*.

Upon arriving at the police station, Investigator Conley advised Madera of his *Miranda* Warnings by orally reading them from a form, and Petitioner orally and in writing stated that he understood his rights and agreed to speak with the officers. *Id*. at pp. 11-12; *see also* Dkt. No. 7, Ex. E, *Trial Tr.* at pp. 82-85. Investigator Conley then proceeded to question Petitioner regarding the burglary and Petitioner ultimately inculpated himself of that crime. Dkt. No. 7, Ex. D at pp. 20-21; Ex. E at p. 95. Investigator Conley then prepared a typewritten statement, which contained the purported *Miranda* Warnings, concerning Madera's involvement in the crime. *Id*., Ex. D at pp. 21-22; Ex. E at p. 96. The entire statement was read to him and Madera acknowledged both the *Miranda* Warnings and the facts stated therein by signing the statement in two places in the presence of both officers. *Id*., Ex. D at p. 24; Ex. E at pp. 98-99. The conversations amongst all parties were conducted in English and at no time did Petitioner indicate to the officers that he did not understand English nor did he request the services of an

interpreter. *Id*. The Petitioner did not request counsel nor was he threatened in any way. *Id*.

On August 29, 1996, Petitioner was indicted by an Oneida County grand jury for burglary in the second degree and petit larceny. Dkt. No. 7, Ex. A, *Indictment, Def.'s Admission, Arraignment Mins.* at pp. 2-3. The Indictment was based on Petitioner's breaking and entering the residence of Maria Schneider, located at 910 Lamb Street, Utica, New York, and stealing her VCR on May 3, 1996. *Id*.

Thereafter, on January 16, 1997, a jury convicted Madera of burglary in the second degree and petit larceny and judgment was entered in Oneida County Court. Petitioner was then sentenced to the aforestated prison terms on February 28, 1997. Madera appealed to the New York State Supreme Court, Appellate Division, Fourth Department, on the following grounds: (1) the prosecution failed to prove beyond a reasonable doubt that Madera had voluntarily, knowingly, and intelligently waived his *Miranda* rights; (2) the trial court's *Sandoval* ruling improperly allowed the prosecution to question Madera about prior convictions that were unduly prejudicial; and (3) the sentence was harsh and excessive. On June 18, 1999, the Fourth Department affirmed the trial court's rulings and judgment. *People v. Madera*, 692 N.Y.S.2d 625 (N.Y. App. Div., 4th Dep't 1999). On September 22, 1999, the New York State Court of Appeals denied Petitioner leave to appeal. *People v. Madera*, 720 N.E.2d 96 (1999).

## II.  DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state courts adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The AEDPA also requires that in any such proceeding "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)).

### B. *Miranda* Violations

Petitioner argues that the inculpatory statements he made to the police while being questioned were not voluntary and that his waiver of his *Miranda* rights were obtained in violation of his Fifth Amendment right against self-incrimination. Pet. at ¶ 12(A). Petitioner seems to suggest that his waiver of his rights were not voluntary, knowing, nor intelligent due to his purported inability to speak or understand the English language. In this regard, Petitioner challenges the rulings made by the trial court at his *Huntley* hearing that Madera understood English and that his oral and typewritten statements were not procured in violation of his right against self-incrimination. Dkt. No. 7., Ex. D, *Dunaway, Huntley, and Wade Decision*; *see also People v. Huntley*, 204 N.E.2d 179, 183 (N.Y. 1965) (adopting a procedure for providing a separate hearing about the voluntariness of a confession to be offered in evidence against a defendant at his or her trial).

Under *Miranda v. Arizona*, 384 U.S. 436 (1966), before a suspect may properly be subjected to custodial interrogation, he must be informed that he has the right to remain silent,

that any statement he makes may be used in evidence against him, and that he has the right to have counsel present. 384 U.S. at 467-72; *see also Dickerson v. United States*, 530 U.S. 428, 435 (2000) (citing *Miranda*). While Miranda readings are prophylactic and not constitutional rights in and of themselves, the reading of Miranda warnings only have "a presumptive effect on whether or not an individual's Fifth Amendment rights may have benn violated. *Deshawn E. by Chalotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (citation omitted). In considering whether a party has voluntarily provided a statement to the police, courts are to consider the "totality of the circumstances," including, *inter alia*, evidence of police coercion, the length of the interrogation, the defendant's maturity and education, and whether the police failed to advise the defendant of his rights to remain silent and to have counsel present during the custodial interrogation. *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).[6] *Miranda* also renders inadmissible any statements given to authorities that have been induced by trickery or deception. *Berkemer v. McCarty*, 468 U.S. 420, 433 (1984) (citing *Miranda*).

When conducting a *Huntley* hearing, the trial judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to the jury. *People v. Huntley*, 204 N.E.2d at 183. In its *Dunaway/Huntley/Wade* Decision, the trial court made the following relevant factual findings. First, the court found that Madera was orally informed of his rights and he acknowledged he understood those rights both orally and in writing.[7] Dkt. No. 7, Ex. D,

---

[6] A coerced or otherwise involuntary statement may never be used for any purpose. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978) (stating that "*any* criminal trial use against a defendant of his involuntary statement is a denial of due process of law" (citations omitted) (emphasis in original)).

[7] The court noted that, after stating he understood his rights, Madera signed the *Miranda* form and, at the direction of Investigator Conley, Madera wrote his date of birth next to his signature. Dkt. No. 7, Ex. E, *Dunaway, Huntley, Wade Decision* at p. 3.

*Dunaway, Huntley, Wade Decision* at p. 3. Second, after providing a statement to the police, the statement was read aloud and Madera acknowledged that the statement was truthful; he then signed the statement which contained a preprinted portion stating the *Miranda* Warnings. *Id*. Third, all conversations were held in English and at no point did Madera indicate that he did understand English, nor did he at any time request the services of an interpreter. *Id*. at pp. 3-4. Then the trial court made the following conclusions of law. First, that Investigator Conley administered the *Miranda* Warnings as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id*. at p. 6. Second, that Madera "freely, knowingly, and voluntarily waived his rights and agreed to speak with Investigator Conley. *Id*. at pp. 6-7. And, third, that beyond a reasonable doubt, Madera's oral and typewritten statements "were not in any way or manner the product of any violation of the defendant's constitutional rights[.]" *Id*. at p. 7. The Fourth Department upheld the trial's court's determination that Madera's confession was knowingly and voluntarily made. *People v. Madera*, 692 N.Y.S.2d at 625.

A state court's findings of fact made after an evidentiary hearing are entitled to a presumption of correctness in a federal *habeas corpus* proceeding. 28 U.S.C. § 2254(e)(1). A reviewing court must accept all factual findings which are fairly supported by the record and a petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. *Id*.

We find that the trial court's findings of facts are supported by the record. Though Petitioner now claims that he did not understand fully what was said to him at the time the *Miranda* rights were read to him, he at no time requested a translator, nor did he indicate that he did not understand what was said to him. Petitioner's conclusory statement that he did not

understand English is insufficient to meet his burden of rebutting the presumption of correctness, especially in light of the fact that such contention is belied by the fact that two witnesses who testified for Madera at his *Huntley* hearing contradicted Madera's contention that he cannot understand, converse, or read English.[8] Moreover, under the AEDPA, a *habeas* petition cannot be granted unless the state courts' adjudication was contrary to or involved an unreasonable application of federal law, or that the decision was based upon an unreasonable determination in light of the facts. In this case, Madera cannot show that the state courts erred in such capacity. Therefore, we recommend that the Petition be **denied** on this ground.

### C. *Sandoval* Ruling

Petitioner's second ground in support of his Petition is that the trial court erred in its *Sandoval*[9] ruling by allowing evidence of Madera's prior convictions to be introduced at trial and that as a result of such error, he was denied a fair trial. Pet. at ¶ 12(B).

A federal court may not grant *habeas corpus* relief unless Petitioner exhausts all available state court remedies. Title 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a defendant must fairly present that claim to the state courts so that those courts have a fair opportunity to consider the claim and correct any asserted constitutional defect. *Picard v. Connor*, 404 U.S. 270, 275 (1971) (cited in *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997)); *see*

---

[8] One of the witnesses was Delia Pena who had been acquainted with Madera for about one to two years through her employer, the New York State Department of Labor. Dkt. No. 7, Ex. D, *Dunaway, Huntley, Wade Hr'g* at p. 60. Ms. Pena indicated that she spoke with Madera on several occasions in both English and Spanish, that all other job service representatives only spoke English, and that as the only Spanish speaking employee at the Labor Office she was never requested to accompany Madera on any job interviews nor had she ever been asked to interpret conversations between Madera and job service representatives. *Id.* at pp. 61-63.

[9] In a *Sandoval* hearing, the court determines "whether, if the defendant testifies, his prior convictions may be admitted to impeach his credibility." *Shannon v. Senkowski*, 2000 WL 1683448, at *6 (S.D.N.Y. Nov. 9, 2000); *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974).

*also Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005). To fairly present his claim, the Petitioner must have informed the state courts of both factual and legal premises of the claim asserted in federal court. *Galdamez v. Keane*, 394 F.3d at 73.

Here, Petitioner failed to preserve his *Sandoval* claim in the state trial court and, thus, failed to preserve such claim for appellate or collateral review. As noted by the Fourth Department, by failing to preserve an objection at trial, Madera was precluded from raising the issue in his direct appeal. *See People v. Madera*, 692 N.Y.S.2d at 625. Although Madera failed to exhaust this claim, we find that dismissal of the Petition with leave to return to the state courts would be futile since such claim would be deemed by the state courts to be procedurally barred, as it was on his direct appeal. And, since such claim is base on facts ascertainable from the record, a motion to vacate the judgment in state court would be unavailable to Madera. *See* N.Y. CRIM. PROC. LAW § 440.10(2)(b). Since Madera can no longer seek relief in state court, we may deem his *Sandoval* claim exhausted but procedurally barred.

Additionally, federal courts considering *habeas* petitions are required to ascertain if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The independent and adequate state ground doctrine directs a federal court to not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id*. at 729. The doctrine is applicable when a state court "declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. *Id*. at 729-30 (citations omitted). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas

petitioner who has failed to meet the [s]tate's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id*. at 732.

As stated above, the Fourth Department stated that Madera's *Sandoval* issue was not preserved for its review, hence, federal review of the *Sandoval* issue is barred under the independent and adequate state ground doctrine.

Federal courts may only consider the substance of procedurally barred claims where the petitioner can establish both cause for the procedural bar and prejudice, or alternatively, that a fundamental miscarriage of justice would occur absent federal court review. *See DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (federal review of procedurally barred claims is unavailable unless petitioner "can show cause for the default and actual prejudice resulting therefrom, or show that he is actually innocent") (internal quotations and citations omitted); *Dixon v. Miller*, 293 F.3d 74, 80-81 (2d Cir.), *cert. denied*, 537 U.S. 955 (2002) (citations omitted); *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *Ferguson v. Walker*, 2002 WL 31246533, at *2 (S.D.N.Y. Oct. 7, 2002) (citing *Fama*) (other citation omitted); *see generally Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

To establish "cause," a petitioner must show that some objective external factor impeded his ability to either comply with the relevant procedural rule or fully exhaust his federal claims. *See Coleman v. Thompson*, 501 U.S. at 753; *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999) (discussing cause in context of petitioner's procedural default); *Doleo v. Reynolds*, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002) (petitioner must demonstrate cause for failure to exhaust

claims). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray*, 477 U.S. at 488; *Bossett*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992); *Lovacco v. Stinson*, 2004 WL 1373167, at *3 (E.D.N.Y. June 11, 2004) (citing *Murray*).[10]  To meet the second exception, the petitioner must show that he is actually innocent. *Lebron v. Mann*, 40 F.3d at 564.

Here, Madera has failed to meet the two exceptions. First, with regard to showing cause and prejudice for the default, Madera has offered no proof that there was any factor external to the defense that impeded counsel's efforts to raise the claim in state court. Since Madera has not provided the Court with cause for his default we need not consider the prejudice prong since both cause **and** prejudice must be shown. *Murray*, 477 U.S. at 485. Neither can the Petitioner show that he is actually innocent because he admitted committing the crime.

Accordingly, we recommend this ground of the Petition be **denied**.

### D.  Harsh and Excessive Sentence

Petitioner argues that the determinate sentence imposed of ten (10) years for commission of second degree burglary as a second felony offender was unduly harsh and excessive. Pet. at ¶ 12(C).

It is well settled that claims arising from a state court's sentencing decision are not subject to review by federal courts as part of a *habeas corpus* petition. *Jones v. Hollins*, 884 F.

---

[10] However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 752-53 (quoting *Murray*, 477 U.S. at 488).

Supp. 758, 761 (W.D.N.Y. 1995); *see also Moore v. Irvin*, 908 F. Supp. 200, 208 (N.D.N.Y. 1995). Where a sentence falls within the range prescribed by state statute, no federal issue is presented. *Fernandez v. Artuz*, 2002 WL 977372, at *4 (S.D.N.Y. May 9, 2002). Here, the sentence of ten (10) years imposed on Madera is clearly within the range of that prescribed by state statute. *See* N.Y. PENAL LAW § 70.04(3).[11] Consequently, no federal issue is raised.

Accordingly, we recommend that this ground of the Petition be **denied**.

### E.  Ineffective Assistance of Trial Counsel

Petitioner argues that he was denied effective assistance of trial counsel because his attorney's "work product of the presentation lacked professionalism." Pet. at ¶ 12(D).

To establish ineffective assistance of counsel, a *habeas* petitioner must show 1) that counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[12] Counsel is strongly presumed to have rendered adequate assistance, as courts give high deference to counsel, and Petitioner "must overcome the presumption that the challenged action

---

[11] Burglary in the second degree is a class C felony and is classified as a violent felony offense. N.Y. PENAL LAW §§ 60.05 & 140.25. As a second felony offender, Petitioner could have received a determinate prison term of as much as fifteen (15) years. N.Y. PENAL LAW § 70.04(3)(b).

[12] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'" 529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

'might be considered sound trial strategy.'" *Gatto v. Hoke*, 809 F. Supp. 1030, 1038 (E.D.N.Y. 1992).

Madera has not shown he received anything less than meaningful representation, nor has he shown that defense counsel made errors so serious as to deprive him of a fair trial. Upon reviewing the state records, this Court notes that defense counsel made all the proper motions and drafted all appropriate documents. At trial, defense counsel made an appropriate presentation of the defendant's case. Even though the desired outcome was not obtained, Madera has failed to overcome the presumption that defense counsel did not stray from any exercise of reasonable professional judgment or anything less than meaningful representation.

Accordingly, this ground of the Petition should be **denied**.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Madera's Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **denied**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Date:   July 19, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge